1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3

Sep 30, 2020

4

SEAN F. McAVOY, CLERK

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

BEDROCK MASONRY, INC,
United States for the benefit and use
8  of Bedrock Masonry, Inc., an Idaho
corporation,

9

                    Plaintiff,

10

     v.

11

INNOVATIVE CONSTRUCTION &
12  DESIGN LTD, a Washington
corporation; BERKLEY
13  INSURANCE COMPANY, a
Delaware corporation,

14

                    Defendants.

15

NO:  2:19-CV-429-RMP

ORDER DENYING DEFENDANT
INNOVATIVE CONSTRUCTION &
DESIGN LTD'S MOTION FOR
RECONSIDERATION

16         BEFORE THE COURT is Defendant Innovative Construction & Design

17  Limited's ("ICD's") Motion for Reconsideration, ECF No. 21, of the Court's

18  decision to consolidate two cases under the above-captioned matter.  The Court has

19  reviewed Defendant's Motion, ECF No. 21, Plaintiff Bedrock Masonry, Inc.'s

20  Response, ECF No. 22, the remaining record, the relevant law, and is fully informed.

21

ORDER DENYING DEFENDANT INNOVATIVE CONSTRUCTION & DESIGN
LTD'S MOTION FOR RECONSIDERATION ~ 1

1    Defendant ICD did not file a reply within the hearing timeframe provided by LCivR

2    7.

### BACKGROUND

4        On July 21, 2020, this Court granted Plaintiff's Motion to Consolidate Case

5    Nos. 2:19-cv-429-RMP and 2:19-cv-375-SMJ.  ECF No. 20.  Plaintiff Bedrock and

6    the Plaintiff in the consolidated case, Monster Concrete LLC, entered separate

7    subcontracts with ICD, which was acting as general contractor for the Bureau of

8    Reclamation's Grand Coulee Dam Fire Station, Contract No. R16PC00143 (the

9    "Project").  *See id.* at 2.  After considering whether consolidation would serve the

10    interests of Fed. R. Civ. P. 42(a), the Court found that consolidation was prudent and

11    warranted in this matter.  *Id.* at 5−6.

### DISCUSSION

13        District courts have inherent jurisdiction to modify, alter, or revoke a prior

14    order.  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

15    "Reconsideration [of a prior order] is appropriate if the district court (1) is presented

16    with newly discovered evidence, (2) committed clear error or the initial decision was

17    manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch.*

18    *Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

19        Reconsideration is an "extraordinary remedy, to be used sparingly in the

20    interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342

21    F.3d 934, 945 (9th Cir. 2003).  A motion for reconsideration may not be used to

ORDER DENYING DEFENDANT INNOVATIVE CONSTRUCTION & DESIGN
LTD'S MOTION FOR RECONSIDERATION ~ 2

1  raise arguments or present evidence for the first time when they could reasonably

2  have been raised earlier in the litigation.").  *Kona Enterprises, Inc. v. Estate of*

3  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

4          Defendant ICD does not set forth arguments for why reconsideration is

5  appropriate under the above-articulated standard.  ECF No. 21.  Rather, ICD seeks

6  "clarification" regarding a host of issues pertaining to the logistics and procedure to

7  be utilized in an eventual trial in this consolidated case.  *Id.* at 4−5.  Alternatively,

8  and without offering any legal authority to support the request, ICD seeks

9  consolidation of the cases for discovery purposes only and bifurcation of the

10  separate Plaintiffs' cases for trial.  *Id.* at 6.

11          Plaintiff Bedrock responds that ICD's logistical concerns about how the

12  parties will present their respective claims and defenses at trial do not constitute

13  error warranting reconsideration and, instead, can be "worked out" between counsel

14  and the Court before the trial date.  ECF No. 2 at 3−4.  Bedrock further argues the

15  Court already considered, in granting consolidation, the reasoning offered by ICD to

16  argue for the bifurcation of trials.  *Id.* at 4−5.

17          As noted above, ICD did not file any reply addressing Bedrock's arguments

18  against reconsideration.

19          The Court finds no basis to reconsider its Order Granting Plaintiff's Motion to

20  Consolidate; none of the factors supporting reconsideration is satisfied.  *See Sch.*

21  *Dist. No. 1J*, 5 F.3d at 1263.  Moreover, the Court notes that the parties have

ORDER DENYING DEFENDANT INNOVATIVE CONSTRUCTION & DESIGN
LTD'S MOTION FOR RECONSIDERATION ~ 3

1   stipulated to a stay of this matter pending completion of an investigation by the

2   United States Bureau of Reclamation.  ECF No. 23.  The Court will grant the stay by

3   separate Order and, once that stay is lifted, will set a conference with the parties to

4   identify sufficient procedures and proceedings to address the scheduling and

5   substantive needs of this case.

6           Accordingly, **IT IS HEREBY ORDERED** that Defendant ICD's Motion for

7   Reconsideration, **ECF No. 21**, is **DENIED**.

8           **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

9   Order and provide copies to counsel.

10          **DATED** September 30, 2020.

11

12                                          *s/ Rosanna Malouf Peterson*
                                            ROSANNA MALOUF PETERSON
                                            United States District Judge

13

14

15

16

17

18

19

20

21

ORDER DENYING DEFENDANT INNOVATIVE CONSTRUCTION & DESIGN
LTD'S MOTION FOR RECONSIDERATION ~ 4